UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Jerome Luther Bunkley,<br><br>       Plaintiff,<br><br>  v.<br><br>James R. Metts, Sheriff,<br><br>       Defendants. | C/A No. 8:05-02716-GRA-BHH<br><br><br>ORDER |

  This matter is before the Court for a review of the magistrate's Report and Recommendation filed on May 4, 2006, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  The plaintiff filed this action seeking relief pursuant to 42 U.S.C. § 1983.  On February 2, 2006 the defendants filed a motion to dismiss.  By order of the magistrate, filed February 6, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately.  Despite this explanation, the plaintiff elected not to respond to the motion.

  As the plaintiff is proceeding *pro se*, the magistrate filed a second order on March 27, 2006, giving the plaintiff through April 19, 2006 in which to file his response to the motion to dismiss.  The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute.  The plaintiff elected not to respond.

1

In the magistrate's Report and Recommendation, the magistrate recommends dismissing this action for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons stated herein, the recommendation of the magistrate is adopted, and the case is DISMISSED.

Plaintiff brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The plaintiff has not filed objections to the

2

Report and Recommendation.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED for lack of prosecution.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

June 7, 2006.

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.